UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MARK ALAN JORDAN ]
    Plaintiff, ]
     ]
v. ]   No. 1:13-0123
     ]   JUDGE HAYNES
JIMMIE BROWN, SHERIFF, et al. ]
    Defendants. ]

## MEMORANDUM

Plaintiff, Mark Alan Jordan, an inmate at the Lawrence County Detention Center in Lawrenceburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Jimmie Brown, Sheriff of Lawrence County, and Brandy Brown, a nurse practitioner at the Detention Center.

According to his complaint, Plaintiff believes that he suffered a hernia while on a work detail outside the Detention Center and alleges that the Defendants have neglected to provide him medical care for this injury.

The Defendants are sued in their official capacities only and the actual Defendant is the entity that employs the Defendant. Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, Plaintiff's claims are against Lawrence County, the municipal entity that operates the Detention Center. Hafer v. Melo, 502 U.S. 21, 25 (1991).

1

A claim of governmental liability requires factual allegations that the misconduct complained is due to a policy, statement, regulation, decision or custom promulgated by Lawrence County or its agent, the Lawrence County Sheriff's Department. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). For Lawrence County to be liable under § 1983, Plaintiff must allege facts of a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378 (1989).

Plaintiff's complaint lacks factual allegations that his right to medical care has been violated due to a policy or regulation of either Lawrence County or the Lawrence County Sheriff's Department. Consequently, the Plaintiff has failed to state a claim against the Defendants in their official capacities.

Absent an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

**ENTERED** this the 23nd day of October, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court